JAMES LAMAR HALEY V. STATE

No. 32,068. June 15, 1960
Motion for Rehearing Overruled October 12, 1960

*J. W. Blair,* Richardson, for appellant.

*Henry Wade,* Criminal District Attorney, *William F. Alexander, Ben F. Ellis, Phil Burleson,* Assistants District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for robbery with firearms; the punishment, 20 years.

The testimony of the state shows that the appellant entered a food store about 4:30 P.M., exhibited a .45 revolver before the assistant manager, who was in charge of the store, and said to him "I want you to open that safe and get all the money out of it or I am going to blow your head off." * * * "Turn around. Walk over there to that safe. Walk in front of me or I am going to kill you." The assistant manager opened the safe, removed $1346 which he gave the appellant, who then ordered him to walk in front to the door saying "Now, don't try anything because there is another man over here with me and we will blow your head off." Appellant then told the assistant manager to go to the back of the store and he and his companion left the store. The assistant manager testified that he gave the appellant the money against his will because he was in fear of serious injury and his life.

The assistant manager, two employees, and two customers in the store, each while testfying on the trial identified the appellant as the person who entered the food store about 4:30 P.M., contacted the assistant manager, and they went to the store's safe and then he left the store.

Appellant testifying in his own behalf denied committing the robbery of the food store or of having any knowledge of it. He stated that he was in Dallas at the time but that he attended a theater from about 2:15 P.M. until 4:45 P.M. on the day in question.

It is contended that the state committed error in introducing the testimony of a witness who testified that he found barbiturates in appellant's possession because he was not qualified to express such opinion and it was prejudicial.

The testimony was that of a Texas Ranger who had had 18

years of experience as a peace officer and during which time he "had occasion to deal with barbiturate drugs". To the introduction of this testimony there was no objection or motion to exclude therefore no error is shown.

Appellant insists that the state's attorney erred in asking him about a prior misdemeanor conviction not involving moral turpitude when his testimony had not opened the subject.

On direct examination appellant testified that he had been convicted of misdemeanor theft in 1950. On cross-examination, without objection, he testified that he had not been convicted of any other misdemeanors that he knew of. He was next asked if he had been convicted of being drunk in 1956. Following this question appellant stated: "We object to that, your honor." Appellant specified no grounds on which the question or any answer thereto would make either or both objectionable. 42 Tex. Jur., 115, Sec. 45. Further the court sustained the general objection and there was no motion to exclude the question or instruct the jury not to consider it. In this no error is presented.

The evidence is sufficient to support the conviction and no error appearing the judgment is affirmed.

Opinion approved by the Court.